IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. G-02-0010-01 |
| MIKHAEL CHARLES DORISE | § § § | |

**MEMORANDUM AND ORDER DENYING MOTION TO**
**REDUCE TERM OF IMPRISONMENT**

The defendant, Mikhael Dorise, has filed a motion to "recall the mandate of the sentence imposed" on October 26, 2004, in light of a recent amendment to the United States Sentencing Guidelines. (Docket No. 305). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, and application of governing legal authorities, the Court **denies** the defendant's motion for reasons set forth below.

Dorise is currently serving a total of 411 months in federal prison as the result of his conviction on charges of robbery, use of a firearm during the commission of a crime of violence, and possession of a firearm by a previously convicted felon. The Fifth Circuit affirmed the conviction in an unpublished opinion. *United States v. Dorise*, No. 04-41472 (5th Cir. January 16, 2006). Dorise has also filed more than one unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255. (Docket Nos. 252, 292).

Dorise now requests a reduction in his sentence of imprisonment based upon Amendment 709 of the United States Sentencing Guidelines (effective November 1,

2007). This amendment modified § 4A1.2 of the Sentencing Guidelines, among other provisions, which relates to the calculation of a defendant's criminal history score. In particular, Amendment 709 states that certain misdemeanors or petty offenses are counted for criminal history purposes only if the court imposed a sentence longer than one year of probation or at least thirty days of imprisonment. Dorise appears to argue that, pursuant to Amendment 709, he is entitled to a reduction in his criminal history score and a corresponding reduction in his prison sentence. Dorise is not entitled to relief for reasons that follow.

Because Dorise plainly requests a reduction or modification to his term of imprisonment, his motion is governed by 18 U.S.C. § 3582(c)(2). In that respect, it is settled that "[w]hether to reduce a sentence based on a subsequent change in the [S]entencing [G]uidelines rests with the sound discretion of the district court and the proper mechanism for reviewing such a claim is a motion brought under 18 U.S.C. § 3582(c)(2)." *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998). Under this statute, a court "may not" modify a term of imprisonment once it has been imposed except in the following circumstance:

> . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2) (emphasis added).  The Sentencing Commission has promulgated policy statements regarding a court's consideration of a motion under 18 U.S.C. § 3582(c)(2) at § 1B1.10 of the United States Sentencing Guidelines.  *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).  "The sentencing court is required to consider these policy statements when addressing a defendant's motion to reduce sentence." *Id.* (citing *United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995)).

  According to the Sentencing Commission's policy statement, a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) only if the amendment is listed in § 1B1.10(c) of the Guidelines.  *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a) (2001).   The amendment invoked by Dorise (Amendment 709) is not listed in § 1B1.10(c) of the Guidelines and is not retroactive.  *See United States v. Rodriguez*, No. 08-10595, 2009 WL 46884 (5th Cir. 2009) (per curiam, unpublished) (holding that a district court is not authorized to reduce a sentence based on Amendment 709 because it is not listed in § 1B1.10(c) and it is not retroactive); *see also United States v. Marler*, 527 F.3d 874, 878 n.1 (9th Cir. 2008) (explaining that Amendment 709 is not a simple clarification, but effects a substantive change that does not apply retroactively) (citations omitted); *United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008) (holding that Amendment 709 is not retroactive); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) (same); *United States v. Godin*, 522 F.3d 133, 134-35 (1st Cir. 2008) (same).  It follows that a reduction in the defendant's term of imprisonment is not consistent with the relevant policy statement and is not authorized.  *See United States v. Jones*, No. 10-

10763, 2011 WL 480033 (5th Cir. Feb. 11, 2011) (holding that reductions in sentence are "not authorized" based on Amendment 709). Accordingly, Dorise is not entitled to a reduction in his term of imprisonment under the amendment that he references in his motion.

Because Dorise does not demonstrated that he is otherwise entitled to relief, it is **ORDERED** that the pending motion for a reduction in sentence (Docket No. 305) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas this 8th day of April, 2011.

_____

Kenneth M. Hoyt
United States District Judge